UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

US CASUALTY AND SURETY　　　§
INSURANCE COMPANY　　　　　　§
　　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　　§　　CIVIL NO. 4:25-CV-1104-SDJ
　　　　　　　　　　　　　　　　　§
DENISHA SAULS, ET AL.　　　　　§

## MEMORANDUM OPINION AND ORDER

In this contract dispute Defendants Denisha Sauls ("Denisha") and Environmental Reconstruction Services, Inc. ("ERS") have filed a Motion to Set Aside Clerk's Default, (Dkt. #23), and Plaintiff US Casualty and Surety Insurance Company ("US Casualty") has filed a Motion to Strike Default Defendants' Original Answer, (Dkt. #16). Relevant here, Defendants Terry Sauls ("Terry"), Denisha, and ERS filed their joint answer, (Dkt. #13), after the clerk entered default against Denisha and ERS, (Dkt. #11). Having considered the motions, the Court concludes that both motions should be granted.

### I. BACKGROUND

In connection with two construction projects, Plaintiff US Casualty and Defendant ERS entered into a performance bond and payment bond (the "surety bonds"). (Dkt. #23 at 3–4); (Dkt. #1-3). US Casualty and Defendants Denisha, Terry, and ERS also entered into an indemnity agreement for those bonds. (Dkt. #1 ¶ 9); (Dkt. #1-2). Thereafter, US Casualty, as a surety, alleges that it had to pay one of ERS's subcontractors after the subcontractor was not paid for work on the projects. (Dkt. #1 ¶¶ 11–13). US Casualty then sent two demand letters for indemnification to

1

Defendants for repayment, to no avail. (Dkt. #1 ¶¶ 12–15). As a result, US Casualty filed suit against the Defendants for breach of contract.

Relevant to Denisha's and ERS's default, US Casualty served each defendant independently. Denisha was served on December 18, 2025, when the complaint and summons were delivered to her roommate. (Dkt. #23 at 4–5). At the time, Denisha claims that she "was under the impression that service of process was only proper if delivered to [her], personally." (Dkt. #23-3 ¶ 4). Nevertheless, Denisha contacted Terry, who informed her that he would arrange representation for her. (Dkt. #23-1 ¶¶ 13–14); (Dkt. #23-3 ¶¶ 6–8). ERS was likewise served on December 18, 2025. (Dkt. #23 at 5). For ERS, US Casualty obtained leave from this Court for substitute service through the Texas Secretary of State. *See* (Dkt. #4) (designating the Texas Secretary of State as an agent of ERS for purposes of service, pursuant to TEX. BUS. ORGS. CODE § 5.251). However, according to ERS's registered agent—Terry—the company never received the complaint and summons because the address on file with the Secretary was outdated. (Dkt. #23 at 5); *see also* (Dkt. #23-1 ¶ 11) (explaining that Terry never received the documents on behalf of ERS). As for Terry, he was personally served through counsel on February 19, 2026. (Dkt. #23 at 3).

After serving Denisha and ERS, but before Terry was served, US Casualty moved for an entry of default against Denisha and ERS. *See* (Dkt. #10). The clerk entered default the next day, on February 12, 2026. (Dkt. #11). Twenty-two days later, Defendants filed a joint answer, (Dkt. #13), seemingly unaware of the entry of default against two of them. *See* (Dkt. #23 at 1) (explaining that the defendants in

default "were unaware that they had been served on the dates reflected in the returns of service"). US Casualty moved to strike the answer with respect to Denisha and ERS only. (Dkt. #16). In response, Denisha and ERS filed their motion to set aside the clerk's entry of default. (Dkt. #23). The time between the entry and motion to set aside default was fifty-five days. *Compare* (Dkt. #11) *with* (Dkt. #23).

## II. LEGAL STANDARD

For the Court to set aside an entry of default, the defendant must show good cause. FED. R. CIV. P. 55(c). In determining whether "good cause" exists, courts typically consider three non-exclusive factors: "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). Courts may also consider other relevant factors, such as "whether the movant acted expeditiously to correct the default." *UnitedHealthcare Ins. Co. v. Holley*, 724 F.App'x 285, 288 (5th Cir. 2018) (per curiam) (citation modified) (quoting *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014)). The Fifth Circuit has interpreted "good cause" to be a liberal standard, *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 n.18 (5th Cir. 1991), and "defaults are generally disfavored," *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quotation omitted).

Only a finding of willful default will conclusively end the good-cause inquiry in favor of denying a motion to set aside an entry of default. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *see also In re Dierschke*, 975 F.2d 181, 184–85 (5th Cir. 1992)

(concluding that "[w]illful failure alone may constitute sufficient cause for the court to deny" a motion to set aside a default). Otherwise, "where there are no intervening equities[,] any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) (quotation omitted).

## III. DISCUSSION

There are two questions before the Court: (1) have Denisha and ERS established good cause to set aside the clerk's entry of default, and (2) if so, is Denisha and ERS's previously filed answer valid or should it be struck regardless?

## A. Set Aside Default?

The willfulness of a defendant's default is generally the most important factor to consider in a good-cause analysis. *See Lacy*, 227 F.3d at 292 ("A finding of willful default ends the inquiry[.]"). The Court will therefore address this factor first. The Fifth Circuit has instructed that the "'willfulness' inquiry is whether neglect [is] excusable." *Effjohn Int'l Cruise Holdings*, 346 F.3d at 563 (citing *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)). "Excusable neglect" extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness," and includes late filings resulting from "mistake, inadvertence or carelessness." *Coleman v. Bank of N.Y. Mellon*, No. 3:12-CV-4783-M-BH, 2015 WL 5437661, at *2 (N.D. Tex. Aug. 14, 2015) (quotation omitted), *report and recommendation adopted*, 2015 WL 5439027 (N.D. Tex. Sept. 15, 2015).

4

Here, the defaulting defendants assert that their failure to timely appear was the result of "miscommunication, misunderstanding, and mistake." (Dkt. #23 at 7). Specifically, Denisha insists that she did not realize she was properly served on December 18, 2025, and further states that she believed the lawsuit was being taken care of after she talked with Terry about the service. (Dkt. #23 at 7–8). Similarly, ERS did not realize that it had been served through the Texas Secretary of State because its address on file was no longer valid. (Dkt. #23 at 5, 8). Based on this series of events, both Denisha and ERS argue that their failure to timely file an answer was not due to willful misconduct. (Dkt. #23 at 9). In response, US Casualty argues that Denisha's failure to seek counsel upon notice of the suit cannot be excused by ignorance, and that ERS's failure is inexcusable because it resulted from its own negligence in failing to maintain a valid registered address with the Texas Secretary of State. (Dkt. #26 at 5–6).

The Fifth Circuit has made it clear that "[m]ere confusion or lack of familiarity with the litigation process does not excuse [a defendant's] neglect of her responsibility to respond." *UnitedHealthcare Ins. Co.*, 724 F.App'x at 288. And, in the case of ERS, the Texas Business Organization Code requires that every domestic entity "designate and *continuously maintain*" a registered agent and registered office. TEX. BUS. ORGS. CODE § 5.201(a) (emphasis added). Denisha's failure to act based on ignorance of what constitutes proper service in Texas is thus not a valid excuse for her failing to timely respond in this case. The same is true for ERS, who had a duty to keep an updated registered address with the Texas Secretary of State. Faced with a similar situation

as ERS's, the Fifth Circuit concluded that "because the defendant's neglect was at least a partial cause of its failure to respond, the defendant had the burden to convince the court that its neglect was excusable." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999).

Nevertheless, the Court finds that Denisha and ERS's neglect was excusable. Ignorance, or even incompetence, is not the same as intentional avoidance for purposes of determining whether a defendant's failure to act was willful. In finding that a defendant willfully failed to respond, courts have primarily made this determination when the defendant purposefully avoided responding after being served. *See, e.g.*, *A.P. Moller-Maersk A/S, Trading v. Safewater Lines (I) PVT, Ltd.*, 322 F.R.D. 255, 270 (S.D. Tex. 2017) (finding that defendants "deliberately elected to 'not get involved'"), *aff'd sub nom. A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd.*, 784 F.App'x 221 (5th Cir. 2019); *UnitedHealthcare Ins. Co.*, 724 F.App'x at 288 (finding that defendant took no further action to respond after admitting she received notice of the lawsuit, only contesting her default once default judgment was entered against her). In contrast, here, both Denisha and ERS appeared and filed an answer alongside Terry despite believing that they had not been properly served. This can hardly constitute purposeful avoidance to litigate the case on their part; therefore, Denisha's and ERS's conduct does not amount to willful default. *See, e.g.*, *Lacy*, 227 F.3d at 292–93 (concluding that defendant was not willful where it "wrongly failed to realize that service was validly effected" but then "made repeated contacts with [plaintiff] in an attempt to resolve the suit").

6

Next, for the prejudice factor, US Casualty asserts that it will be prejudiced because it has expended significant time and resources in prosecuting this matter, including "months of effort attempting to perfect service." (Dkt. #26 at 7–8). However, "[t]he fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice." *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 174 (E.D. Penn. 2000). Instead, prejudice only arises "where the setting aside of default results in some occurrence that tends to impair the plaintiff's ability to pursue the claim." *Id.* Because US Casualty has not shown that its ability to litigate the case will be negatively impacted if the Court were to set aside Denisha's and ERS's default, there is no prejudice.

As for the meritorious-defense factor, courts consider "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (quotation omitted). Presenting a meritorious defense generally requires that a defendant provide "definite factual allegations, as opposed to mere legal conclusions, in support of her defense." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008). Here, no factual allegations have been provided to support a meritorious defense. For this factor, Denisha and ERS allege that a third party's non-payment to ERS is why US Casualty had to pay ERS's subcontractor under the surety bonds—the event that gave rise to this suit. (Dkt. #23 at 4). But Denisha and ERS do not elaborate how a potential impleader action against this non-paying third party constitutes a defense to US Casualty's indemnity claim; an impleader action does not transfer a plaintiff's

claim from a defendant to a new, third-party defendant. *See generally* FED. R. CIV. P. 14(a) (allowing a third party to be impleaded if it is liable to a defendant for all or part of a claim against the defendant). Therefore, because Denisha and ERS have not presented a meritorious defense to US Casualty's indemnity claim in their motion, this factor weighs against them.

In sum, the Court finds that Denisha's and ERS's default was not willful and that US Casualty will not be prejudiced if the default is set aside, but also that Denisha and ERS have not presented a meritorious defense at this time. Consequently, two of the good-cause factors weigh in favor of setting the default aside while the last does not. With these determinations in mind, the Court is also cognizant of the Fifth Circuit's instruction that "courts universally favor trial on the merits," *In re Dierschke*, 975 F.2d at 183 (internal quotation marks and citation omitted), and thus concludes that the balance of factors weighs in favor of finding good cause. The clerk's entry of default for Denisha and ERS will be set aside and vacated.

## B. Strike Answer?

Having concluded that the clerk's entry of default should be set aside, the question remains whether Denisha and ERS's answer was properly filed. Both defendants filed the joint answer while they were in default, without leave of court, and default was entered against Denisha and ERS because they failed to respond within the time allowed. *See* (Dkt. #11, #13). "[I]t is well established that the court has the power to strike an untimely answer filed without an accompanying motion

8

for leave." *Janise v. United Prop. & Cas. Ins. Co.*, No. 1:20-CV-378, 2021 WL 389084, at *3 (E.D. Tex. Feb. 3, 2021) (collecting cases). As a result, the Court finds that Denisha's and ERS's answer, (Dkt. #13), is null and should thus be struck.

These defendants will be allowed to file an answer, however, now that default has been set aside. *See Strauss v. Lake City Credit*, No. 4:19-CV-620, 2020 WL 4583520, at *1 (E.D. Tex. Aug. 10, 2020) (ordering defendant to file an answer after setting aside the clerk's entry of default against the defendant). Denisha and ERS shall have fourteen (14) days from the date of this Order to file an answer.[1]

### IV. CONCLUSION

It is therefore **ORDERED** that Defendants Denisha Sauls and Environmental Reconstruction Services, Inc.'s Motion to Set Aside Clerk's Default, (Dkt. #23), is **GRANTED**.

It is further **ORDERED** that the Clerk's Entry of Default, (Dkt. #11), as to Defendants Denisha Sauls and Environmental Reconstruction Services, Inc. be set aside and vacated.

It is further **ORDERED** that Plaintiff's Motion to Strike Default Defendants' Original Answer, (Dkt. #16), is **GRANTED**. Defendants' Original Answer, Affirmative Defenses, and Limitations on Relief, (Dkt. #13), is hereby **STRICKEN**

---

[1] Defendants Denisha and ERS have attached an answer as Exhibit 4 to their motion to set aside default. (Dkt. #23-4). The defaulting defendants ask that the Court enter Exhibit 4 as their answer if their original answer is struck. (Dkt. #23 n.1). However, Denisha and ERS will need to file their answer separately from their motion to set aside default. Pursuant to the Local Rules, the Court will generally not file an exhibit as a separate docket entry upon a party's request. *See generally* Local Rule CV-7(k) ("Motions for leave to file a document should be filed separately and immediately before the document for which leave is sought.").

as to Defendants Denisha Sauls and Environmental Reconstruction Services, Inc. only. The answer remains properly filed for Defendant Terry Sauls.

It is further **ORDERED** that Defendants Denisha Sauls and Environmental Reconstruction Services, Inc. must file an answer no later than fourteen (14) days from the entry of this Order.

**So ORDERED and SIGNED this 11th day of May, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

10